UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>    Plaintiff,<br><br>v.<br><br>STU SHERMAN,<br><br>    Defendant. | Case No. 1:18-cv-01317-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL<br><br>(ECF NO. 2)<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

## I. BACKGROUND

Gregory Fletcher ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 10, 2018, Plaintiff filed an application to proceed in forma pauperis. (ECF No. 2).

As the Court finds that Plaintiff had at least "three strikes" prior to filing this action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be required to pay the $400 filing fee in full if he wants to proceed with this action.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action… under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

1

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'").

### III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

  a. Strikes

Plaintiff initiated this action on September 10, 2018. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least four cases dismissed that count as "strikes."

The Court takes judicial notice of: 1) Fletcher v. Johnson, E.D. CA, Case No. 2:16-cv-02136, ECF Nos. 8 & 11; 2) Fletcher v. Erquiza, N.D. CA, Case No. 4:16-cv-04423, ECF No. 8; 3) Fletcher v. Sugura, N.D. CA, Case No. 4:16-cv-03920, ECF No. 6; and 4) Fletcher v. Mendez, N.D. CA, Case No. 4:16-cv-03110, ECF Nos. 5 & 6.

Johnson and Mendez were dismissed because Plaintiff failed to file an amended complaint after a screening order dismissed the operative complaint for failure to state a claim, with leave to amend. Johnson, ECF Nos. 8 & 11; Mendez, ECF Nos. 5 & 6. These dismissals count as "strikes." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]e hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

Sugura was dismissed without prejudice for failure to state a claim under § 1983. Sugura, ECF No. 6. This dismissal counts as a "strike." Section 1915(g).

Erquiza was dismissed for failure to exhaust administrative remedies based on the face

of the complaint. Erquiza, ECF No. 8. A dismissal for failure to exhaust based on the face of the complaint is a dismissal for failure to state a claim. El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)) (alteration in original) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.'"). See also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim."). Accordingly, this dismissal counts as a "strike." Section 1915(g).

Based on the foregoing, the Court finds that Plaintiff had at least four "strikes" prior to filling this lawsuit.

While Plaintiff has three "strikes" regardless of whether Johnson counts as a strike, there is a separate issue regarding whether Johnson counts as a strike, which the Court addresses below.

    b. Williams v. King

In light of Williams v. King, 875 F.3d 500 (9th Cir. 2017), a new issue has arisen in determining whether certain cases count as "strikes." In Williams, the Court of Appeals for the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

In Johnson, a magistrate judge issued the final order dismissing the case based only on the consent of Plaintiff. Under Williams, consent only by the plaintiff is insufficient to confer jurisdiction on the magistrate judge. After careful consideration of this issue, the Court recommends that Johnson count as a "strike" notwithstanding Williams. Hoffman v. Pulido, E.D. CA, Case No. 1:18-cv-00209, ECF No. 10 (finding that magistrate judge dismissals issued without the consent of all named defendants still count as "strikes" after Williams).

First of all, examining the jurisdiction of the dismissing court in prior cases goes beyond the scope of review under § 1915(g). When determining whether a prior case counts as a "strike," "[t]he underlying principle is that we must decide whether the case was disposed of because the complaint was frivolous, malicious, or failed to state a claim, regardless of how the district court labels its decision." El-Shaddai, 833 F.3d at 1044. See also Harris, 863 F.3d at 1142 (quoting El-Shaddai, 833 F.3d at 1042) (internal quotation marks omitted) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'"). Neither the Ninth Circuit nor the Supreme Court has instructed lower courts to examine the basis for jurisdiction before deciding whether a case counts as a "strike." Hoffman, ECF No. 10, p. 3 ("That is, there does not appear to be a case that directs lower courts to also determine whether the 'dismissing court' had jurisdiction to dismiss and create a strike.").

Moreover, there are good reasons not to conduct such an inquiry. One is that parties are generally not allowed to re-litigate issues they already had an opportunity to litigate. Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (alterations in original) (internal citations and quotation marks omitted) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata…. By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions."). Johnson was dismissed because Plaintiff failed to file an amended complaint after a screening order dismissed the operative complaint for failure to state a claim, with leave to amend. Despite having the opportunity to do so, Plaintiff did not challenge the magistrate judge's jurisdiction, at the trial court or on appeal.

This is not to say that a plaintiff who believes a prior judgment is void is without remedies. In fact, the Federal Rules of Civil Procedure expressly contemplate granting parties relief from a final judgment when the final judgment is void. Fed. R. Civ. P. 60(b)(4).

However, this rule requires the party that wants to set aside the judgment to take action to set aside the judgment. Fed. R. Civ. P. 60(b); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). Plaintiff has not taken any action to set aside the judgment in Johnson, and collaterally challenging the judgment in this case would be inappropriate. Nemaizer v. Baker, 793 F.2d 58, 65 (2d Cir. 1986) (citing Chicot Cty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940)) ("[I]f the parties *could* have challenged the court's power to hear a case, then *res judicata* principles serve to bar them from later challenging it collaterally.").

Moreover, even if Plaintiff were allowed to challenge the judgment in Johnson via a collateral attack in this action, it does not appear that the judgment in Johnson would be found to be void. "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999).[1] "Defective jurisdictional allegations are not fatal, however. A judgment is only void where there is a 'total want of jurisdiction' as opposed to an 'error in the exercise of jurisdiction.'" NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016) (quoting Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985)). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) (quoting Nemaizer, 793 F.2d at 65) ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.").

The magistrate judge in Johnson had an arguable basis for exercising jurisdiction, and at most made an error in exercising jurisdiction. The Ninth Circuit had not weighed in on the issue, and its decision in Williams had not yet issued. Moreover, in 1995, the Court of Appeals for the Fifth Circuit held that lack of consent from unserved defendants did not deprive the magistrate judge of jurisdiction where the plaintiff consented, because the unserved defendants

---

[1] The Rule 60(b)(4) standard is essentially the same standard that is used when a party attempts to collaterally attack a judgment. See, e.g., Baella-Silva v. Hulsey, 454 F.3d 5, 10 (1st Cir. 2006); Nemaizer, 793 F.2d at 65; Hoffman, ECF No. 10, p. 7.

5

were not parties under 28 U.S.C.A. § 636(c). Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995). Accordingly, there was precedent from a federal court of appeals supporting the magistrate judge's exercise of jurisdiction, and no conflicting precedent from the Ninth Circuit or United States Supreme Court.

Moreover, "[a]n error in interpreting a statutory grant of jurisdiction is not… equivalent to acting with total want of jurisdiction and does not render the judgment a complete nullity." Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984). In Williams, the Ninth Circuit held that the magistrate judge made an error in interpreting § 636(c)(1) as providing magistrate judges with jurisdiction where a plaintiff consents and the defendants are unserved, because the unserved defendants are still parties. 875 F.3d at 504. As the magistrate judge in Johnson made the same error in interpreting a statutory grant of jurisdiction, and as the interpretation was not unreasonable (it was the same interpretation adopted by the Fifth Circuit), the judgment in Johnson is not void.

Finally, the judge in Johnson was acting pursuant to a Local Rule that provided that prisoner civil rights cases are treated as consent cases so long as all parties who have *appeared* consented. See Local Rules, Appendix A(k)(4); E.D. Cal. General Order 467. This rule in essence tracks the holding in Neals, and took effect on June 2, 2008 (E.D. Cal. General Order 467). As the order dismissing Johnson was entered on September 13, 2017 (Johnson, ECF No. 11), the rule had been in effect over nine years by the time the magistrate judge dismissed Plaintiff's case. By this time hundreds (if not thousands) of cases were decided by magistrate judges in the Eastern District of California based on just a plaintiff's consent (see Eastern District of California 2017 Annual Report, p. 29).

Accordingly, the Court finds that, even after Williams, cases where a magistrate judge issued an order dismissing a case without the consent of all named defendants can still count as a "strike," so long as the order has not been declared void in an appeal or other appropriate challenge.

\\\

\\\

### c. Imminent Danger

As Plaintiff has at least three prior cases that count as "strikes," Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). See also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)...."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff complains of not getting the treatment he wants for his chronic pain and not being monitored on one occasion after he took blood pressure medications. The Court cannot draw an inference that Plaintiff was in imminent danger at the time he filed this case based on these allegations.

Chronic pain alone is not enough to support an inference of imminent danger. See, e.g., Thompson v. Rissa, 2018 WL 2471450, at *2 (D. Haw. June 1, 2018) (collecting cases). Accordingly, Plaintiff's allegation of chronic pain is insufficient to support an inference of imminent danger.

As to Plaintiff's allegation of not being monitored when he took blood pressure medication, this allegation cannot support an inference of imminent danger because Plaintiff has only alleged that he was not monitored on one occasion, months before he filed the complaint. There are no allegations that would suggest that Plaintiff is at risk of having this happen again.[2]

As Plaintiff is a "three-striker" and was not is in imminent danger when he filed this action, the Court will recommend denying Plaintiff's application to proceed in forma pauperis.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

---

[2] Additionally, it is not entirely clear why Plaintiff believes he is at risk if he is not monitored when he takes the medication. Plaintiff alleges that if he does strenuous exercise before or after taking the medication he is at risk of dying, but he does not explain why he cannot simply refrain from strenuous exercise right before and right after taking the medication.

twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **December 6, 2018**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE